UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS BLOSSER,

       Plaintiff,

                                     CASE NO. 2:07-CV-11781
v.                                HONORABLE PATRICK J. DUGGAN

TERRI LYNN LAND and
MICHAEL REYNOLDS,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND TO APPOINT COUNSEL AND GRANTING DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on March 25, 2008.

PRESENT: HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Plaintiff, a *pro se* prisoner, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2007. Plaintiff challenges Michigan's Driver Responsibility Law, MICH. COMP. LAWS ANN. § 257.732a. Plaintiff contends that the fees imposed under this law and the suspension of his license for failure to pay those fees constitute an excessive fine in violation of the Eighth Amendment and a violation of his right to due process under the Fourteenth Amendment. Presently before the Court are the following motions: (1) Plaintiff's motion for class certification and to appoint class counsel, filed

April 24, 2007; and (2) Defendants' motion to dismiss, filed July 3, 2007. On July 9, 2007, this Court referred both motions to Magistrate Judge Paul J. Komives for a report and recommendation.

Magistrate Judge Komives issued his Report and Recommendation ("R&R") on March 5, 2008, in which he recommends that this Court deny Plaintiff's motion and grant Defendants' motion. At the conclusion of his R&R, Magistrate Judge Komives informs the parties that they must file any objections to the R&R within ten days. (R&R at 16-17.) Petitioner filed objections on March 18, 2008.

In his objections, Plaintiff raises several challenges to the R&R. The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Halter*, 131 F. Supp. 2d at 944 (citations omitted).

First, Plaintiff contends that Magistrate Judge Komives erred in finding that a court has no authority to appoint class counsel. This Court finds no merit to Plaintiff's objection. As Magistrate Judge Komives correctly indicates in his R&R, "[a] civil litigant has no constitutional or statutory right to the appointment of counsel." (R&R at 5, citing *Abdul-Rahmam v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995).) While 28 U.S.C. § 1915(e)(1) provides that a court "may request an attorney to represent any person unable to afford counsel," the court cannot compel counsel to represent any civil party. Additionally, the Sixth Circuit has advised that requests for

2

appointment should be reserved for "exceptional circumstances" and are not appropriate when a pro se litigant's claims are frivolous or when the chances of success are extremely slim. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). Because the Court agrees with Magistrate Judge Komives that Plaintiff's claims fail on the merits, it also agrees that this is not a case where a request for appointment of counsel would be appropriate. Finally, contrary to Plaintiff's assertion, Federal Rule of Civil Procedure 23(g)(2) does not require the appointment of counsel when a *pro se* plaintiff moves for class certification.

In his second objection to the R&R, Plaintiff challenges Magistrate Judge Komives' assessment of his claim that the driver responsibility fees are grossly disproportional to the gravity of the driving offense from which they arise and thus constitute excessive fines in violation of the Eighth Amendment. Again Plaintiff's objection lacks merit. In his R&R, Magistrate Judge Komives thoroughly and correctly applied the factors relevant to determining whether a fine is proportional to the gravity of a defendant's offense and this Court sees no reason to restate that reasoning here.

Finally, Plaintiff objects to Magistrate Judge Komives' analysis of his due process claim. Plaintiff asserts that the magistrate judge misunderstood his argument that he had a right to a hearing before the driver responsibility fees were imposed and that he should have been advised of the fees before pleading guilty to the underlying driving offenses. It is apparent from the R&R, however, that Magistrate Judge Komives understood Plaintiff's arguments but found no merit to them.

As the magistrate judge correctly concluded with respect to Plaintiff's claim that he was entitled to a hearing before the fees were imposed and his license was suspended for failing to pay those fees, Plaintiff was not entitled to such a hearing because there was little risk of an erroneous deprivation and because he "had the opportunity for a full judicial hearing in connection with each of the traffic convictions on which the Secretary's decision was based." (R&R at 14, quoting *Dixon v. Love*, 431 U.S. 105, 97 S. Ct. 1723 (1977).) Contrary to Plaintiff's assertion, *Dixon* is not distinguishable from the present matter. As to Plaintiff's claim that a defendant must be informed of the fee before pleading guilty to an offense for which a driver responsibility fee is assessed, Plaintiff fails to cite any authority for such a requirement and this Court, like Magistrate Judge Komives, found no such authority. In his objections, Plaintiff cites two cases in which the courts held that a defendant pleading guilty first must be informed of the direct consequences of his or her plea: *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999) and *United States v. Little-John*, 224 F.3d 960 (9th Cir. 2000). However, even assuming that the driver responsibility fee is a direct consequence as opposed to a collateral consequence of a driving conviction, the cases cited by Plaintiff only address the validity of the plea as a result of the defendant not being informed of those consequences and not the constitutionality of the consequences imposed.

For the above reasons, the Court finds no error in Magistrate Judge Komives' R&R.

Accordingly,

4

**IT IS ORDERED**, that Plaintiff's motion for class certification and appointment of class counsel is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendants' motion to dismiss is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Chris Blosser, #182437
G. Robert Cotton Correctional Facility
3510 N. Elm Street
Jackson, MI 49201

Michael F. Murphy, Esq.

Magistrate Judge Paul Komives